UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., a successor by merger to BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP and FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.,* | Case No. 2:16-cv-02768-MMD-CWH |
| | ORDER |

                                              Plaintiffs,

        v.

SANTA BARBARA HOMEOWNERS
ASSOCIATION; SFR INVESTMENTS
POOL 1, LLC; and ABSOLUTE
COLLECTION SERVICES, LLC,,

                                              Defendants.

_____

SFR INVESTMENTS POOL 1, LLC,

                                  Counter/Cross Claimant,
        v.

BANK OF AMERICA, N.A., successor by
merger to BAC HOME LOANS
SERVICING, LP fka COUNTRYWIDE
HOME LOANS SERVICING, LP;
FEDERAL NATIONAL MORTGAGE
ASSOCIATION; KATY L. LEE, and
individual; and KATY L. LEE, TRUSTEE
or her successor in trust, under the KLEE
LIVING TRUST, dated August 10, 2006,

                                  Counter/Cross Defendants.

_____

        This case arises out of a homeowner's association ("HOA") foreclosure sale and

involves a constitutional due process challenge to Nevada Revised Statute Chapter 116's

notice provisions. Before the Court is a Joint Motion to Stay ("Joint Motion") filed by

Plaintiffs/Counter Defendants Bank of America, N.A. ("BANA") and Federal National

Mortgage Association ("Fannie Mae"), and Defendants SFR Investments Pool 1, LLC ("SFR") and Absolute Services, LLC ("ACS") (collectively "Movants") (ECF No. 43). Defendant Santa Barbara Homeowner Association's ("SB") filed a response opposing the Joint Motion (ECF No. 45) to which Movants filed a reply (ECF No. 46). Movants ask the Court to stay all proceedings pending final resolution of the petitions for certiorari in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), r'hng denied (9th Cir. Nov. 4, 2016), and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Div. of Wells Fargo Bank, N.A*., 388 P.3d 970 (Nev. Jan. 26, 2017). For the stated reasons below, the Court agrees with Movants and finds that a complete stay of the case, at least until the Supreme Court addresses the pending certiorari petitions, is prudent.

In their opposition, SB contends that they will suffer additional attorney's fees to monitor the pending certiorari petitions, delay in the resolution of the ownership of the property, and an inability to budget for future amounts and legal costs if the case is stayed. (ECF No. 45 at 3.) Movants, however, argue that there will be minimal defense costs to SB in monitoring the case and that, in the event this action is not stayed, the hardship to Movants outweighs any harm to SB. (ECF No. 46 at 1-2.)

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney*

2

*Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted). *See also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1067 (9th Cir. 2007).

These three factors weigh in favor of a temporary stay in this case, though the duration of the stay may be extended depending on whether the Supreme Court will grant Bourne Valley and Well Fargo's petitions for a writ of certiorari. SB insists that a stay will create hardship because of the attorney's fees resulting from monitoring of this case and the uncertainty of defending the action (ECF No. 45 at 5.) However, any damage to SB from a stay will be outweighed by the fees that all parties will surely incur from continued litigation because a decision by this Court could be rendered moot by a decision in the certiorari proceedings before the Supreme Court. Until there is finality on the issue of whether Nevada's superpriority lien statutes are constitutional, a stay will benefit the parties and conserve judicial resources.

It is therefore ordered that Movants' Joint Motion to Stay (ECF No. 43) is granted. This action is temporarily stayed until resolution of the certiorari proceedings before the United States Supreme Court in *Bourne Valley* and/or *Saticoy Bay*. The parties must file a status report within fifteen (15) days from such resolution. The pending Motion for Partial Summary Judgment (ECF No. 23) is denied without prejudice and may be refiled within thirty (30) days after the stay is lifted.

DATED THIS 28th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE