**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., et al. | Case No. 2:16-cv-02768-RFB-CWH |
| Plaintiffs, | |
| v. | |
| SANTA BARBARA HOMEOWNERS ASSOCIATIONS, et al., | **ORDER** |
| Defendants. | |

Presently before the Court is Plaintiff Bank of America, N.A.'s motion to stay discovery (ECF No. 58), filed on September 22, 2017. Defendant SFR Investment Pool 1, LLC ("SFR") filed a response (ECF No. 64) on October 13, 2017. Plaintiffs did not file a reply. Also before the Court are Plaintiff's emergency motions for protective order (ECF Nos. 71 and 72), filed on November 22, 2017.

Plaintiff moves for a stay of all discovery in this case, pending the Court's decision on Plaintiff's motion for summary judgment (ECF No. 57). Plaintiff argues that in light of the Ninth Circuit's recent decision in *Bourne Valley*, its motion for summary judgment is potentially dispositive of this matter and requires no discovery for the Court to render a decision. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). SFR opposes the stay, arguing that *Bourne Valley* is not dispositive, and moreover, the Nevada Supreme Court will likely issue an affirmative answer to the certified question currently pending before it (*See The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, (ECF No. 41)), and this affirmative answer will supersede *Bourne Valley* and thereby dispose of Plaintiff's claims in its motion for summary judgment.

It is within the Court's broad discretion over discovery to determine whether a stay of discovery is appropriate. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating a motion to stay, this Court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules shall 'be construed and administered to secure the just,

1

speedy, and inexpensive determination of every action.'" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

Here, both parties acknowledge that the outcome in this case depends upon the proper interpretation of *Bourne Valley*. SFR further argues that the Nevada Supreme Court's answer to the pending certified question will likely supersede *Bourne Valley* and end Plaintiff's claims. Given SFR's argument that Plaintiff's motion for summary judgment is an attempt to "rush to a decision . . . in case the Nevada Supreme Court formally tells the Ninth Circuit that it interpreted Nevada law incorrectly," (Def's Resp. at p. 64), there is good cause to stay discovery in this matter, at least until the Nevada Supreme Court announces its answer to the certified question. The Court finds no suggestion that a stay would prejudice the parties. Rather, a stay will allow the parties to ensure that the legal questions pertinent in this case are settled before expending resources on discovery.

IT IS THEREFORE ORDERED that Plaintiff's motion to stay discovery (ECF No. 58) is GRANTED in part. Discovery in this matter is STAYED until the Nevada Supreme Court issues an answer to the certified question presented to it in *The Bank of New York Mellon v. Star Hill Homeowners Association, et al.*, Case No. 2:16-cv-02561-RFB-PAL, (ECF No. 41). After the Nevada Supreme Court issues its answer, any party may move to lift the stay.

IT IS FURTHER ORDERED that Plaintiff's pending motions for protective order (ECF Nos. 71 and 72) are DENIED as moot.

DATED: November 28, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

2