UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>SANTA BARBARA HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>Defendants. | Case No. 2:16-cv-02768-MMD-CWH<br><br>ORDER |
| AND RELATED CASES | |

This case focuses on whether Plaintiffs Bank of America, N.A ("BANA") and the Federal National Mortgage Association ("Fannie Mae") own a property interest that is entitled to protection under 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar"). Plaintiffs argue that Fannie Mae's first deed of trust could not have been extinguished as the Federal Foreclosure Bar preempts the Nevada HOA foreclosure statute and that the Ninth Circuit has held that Fannie Mae's property interest survives an HOA sale when a servicer or nominee acting on behalf of Fannie Mae appears as record deed of trust beneficiary. (ECF No. 84.)

On February 11, 2019, the Court issued a minute order granting the parties' stipulation to extend the time to file the necessary replies to the parties' respective motions for summary judgment pending in this case (ECF Nos. 84, 119, 121). (ECF No. 129.) In ECF No. 128, the parties particularly stipulate to extend the deadline for filing their related replies until 5 days after the Court rules on ECF No. 187. There are five other pending

discovery related motions that are either related to ECF No. 187 or should be resolved prior to the Court's consideration of the pending motions for summary judgment (ECF Nos. 85, 86, 88, 90, 101). ECF No. 187 and these other five motions are collectively referred to as the Non-MSJ Motions. The Court rules on each of these Non-MSJ motions as follow:

### 1. ECF No. 85

Defendant SFR Investments Pool I, LLC's ("SFR") motion to strike (ECF No. 85) is denied. SFR's contention that Plaintiffs' motion for summary judgment should be stricken because Plaintiffs' supporting evidence was produced after the close of discovery fails in light of the parties' prior submitted joint status report to the Court, setting a new discovery deadline for November 16, 2018. (ECF Nos. 78, 79.) The Court viewed the status report and implicitly accepted the new discovery deadline per its minute order lifting the stay of the case. (ECF No. 82; *see also* ECF No. 117 at 2 (providing that "unless the Court agrees that the parties' joint status report reset the discovery deadlines without a new scheduling order, SFR's Countermotion to strike should be granted").)

### 2. ECF No. 86

SFR's alternative motion for relief under Fed. R. Civ. P. 56(d) (ECF No. 86) is denied. The crux of this motion is that SFR seeks further discovery, including to depose Fannie Mae's Assistant Vice President and declarant Graham Babin (*see* ECF No. 84-7) for the purpose of "discern[ing] if his conjecture about the meaning of the computer records he testified from is actually supported by those records." (*See, e.g.*, ECF No. 86 at 11.) SFR also seeks to obtain discovery on facts SFR claims Plaintiffs must establish to invoke the Federal Foreclosure Bar (ECF No. 86 at 23). The latter again focuses on Babin's declaration and underlying documents. SFR further contests the admissibility and relevance of FHFA's Statement on Super-Priority Lien Foreclosures ("FHFA's Statement") and Fannie Mae's servicing guide (ECF Nos. 84-8, 84-9) and insists additional discovery is needed to challenge Fannie Mae's ownership of the Loan/Note, the alleged existence of a trust—going to securitization of the Loan and Plaintiffs' Article III and prudential standing. (ECF No. 86 at 23–24.)

To the extent SFR's motion for Rule 56 (d) relief is connected to its position that certain evidence was undisclosed prior to the close of discovery, the argument is moot in light of the Court's finding that discovery was extended until November 16, 2018—after ECF No. 86 and accompanying reply (ECF No. 118) were filed. The gist of the SFR's motion is otherwise that discovery is needed beyond the public records in this case to establish that Fannie Mae owned the Loan at the time of the HOA Sale and has a servicing relationship with the beneficiaries of record. (*See, e.g.*, ECF No. 118 at 5.) Said differently, SFR argues that it cannot respond to Plaintiffs' motion for summary judgment without additional discovery into the nature and extent of claimed property interests.

However, the evidence of Babin's declaration, Fannie Mae's business records and other documents, such as the FHFA's Statement and Fannie Mae's servicing guide (ECF Nos. 84-8, 84-9) have repeatedly been found as sufficient evidence establishing Fannie Mae's property interest for purposes of the Federal Foreclosure Bar. *See Berezovsky v. Moniz*, 869 F.3d 923, 932–33 & n.8 & n.9 (9th Cir. 2017); *Williston Invs. Grp. v. JPMorgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) (confirming that *Berezovsky* held that an Enterprises business records and a supporting declaration are "sufficient" to show an Enterprise's property interest for purposes of summary judgment); *see also U.S. Bank Home Mortg. v. Jensen*, No. 3:17-cv-00603-MMD-VPC, 2018 WL 3078753 (D. Nev. June 20, 2018) & *Springland Vill. Homeowners Ass'n v. Pearman*, No. 3:16-cv-00423-MMD-WGC, 2018 WL 357853 (D. Nev. Jan. 10, 2018) (granting summary judgment under the Federal Foreclosure Bar based on the same kind of evidence Fannie Mae presents here); *see Nationstar Mortg. LLC v. East Trop 2073 Trust*, No. 2:17-cv-01769-MMD-CWH, 2019 WL 469897 (D. Nev. Feb. 6, 2019) & *Nationstar Mortg. LLC v. Stonefield Homeowners Ass'n*, No: 3:17-cv-00627-MMD-WGC, 2019 WL 2062952 (D. Nev. May 9, 2019) (deciding issues of standing, note ownership—based on securitization and what the note reflects, and providing that FHFA's Statement and Fannie Mae's servicing guide were judicially noticeable documents); *see also USROF IV Legal Title 2015-1 by U.S. Bank Nat'l Ass'n v. White Lake Ranch Ass'n*, No. 3:15-cv-00477-MMD-CBC, 2019 WL 539037, at *3 (D.

Nev. Feb. 11, 2019) (also addressing essentially the same standing and note ownership arguments SFR raises here).

In short, the Court is convinced no further discovery is warranted here.

### 3. ECF Nos. 87 and 89

Relatedly, Fannie Mae's motion and BANA's joinder to stay discovery until the Court rules on Plaintiffs' motion for summary judgment based on the Federal Foreclosure Bar (ECF Nos. 87, 89) are granted.

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). In deciding whether to grant a stay of discovery the Court is guided by Fed. R. Civ. P. 1's objectives of ensuring "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (internal quotation and citation omitted). The Court may grant a motion to stay where "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Id.*

After conducting a "preliminary peek" of the parties' motions for summary judgment and based on its rulings on SFR's motions to strike and for Rule 56(d) relief the Court finds that a stay of discovery is warranted. The Court agrees with Plaintiffs that further discovery is unnecessary to determine whether Fannie Mae had a property interest at the time of the HOA Sale (ECF No. 105 at 2) because, as noted, the Ninth Circuit has already determined that the type of documentary evidence and declaration Fannie Mae has produced are sufficient to establish its interest in support of a motion for summary judgment based on the Federal Foreclosure Bar.

### 4. ECF No. 88

Fannie Mae's motion in the alternative—to quash SFR's various deposition requests and for protective order to limit SFR's 30(B)(6) deposition topics (ECF No. 88) is denied. It is denied as moot in light of the Court's ruling granting ECF No. 87.

**5. ECF No. 90**

BANA's motion—In the Alternative, Emergency Motion for Protective Order to Limit Defendant's 30(B)96) Deposition Topics (ECF No. 90)—is denied. It is denied for the same reason Fannie Mae's alternative motion is denied—because the Court grants Plaintiffs' request staying discovery pending its ruling on Plaintiffs' pending motion for summary judgment (ECF No. 84).

**6. ECF No. 101.**

SFR's motion seeking to stay the entire case pending the Nevada Supreme Court ruling in either of two separate actions—*SFR Investments Pool 1, LLC v. Green Tree Serv., LLC*, Case No. 72010, ("*Perrone*") or a rehearing of *Nationstar Mortgage, LLC v. Guberland LLC-Series 3, No. 70546*, 420 P.3d 556 (Table), 2018 WL 3025919 (Nev. June 15, 2018) (ECF No. 101)—is denied. This motion is premised on the argument that a ruling in either matter would invalidate the Ninth Circuit's interpretation of Nevada law in *Berezovsky*. (*See, e.g.*, ECF No. 111 at 2.) SFR has not filed a status report regarding if or how the Nevada Supreme Court has subsequently ruled in either case. In any event, *Guberland* which accords with *Berezovsky* in establishing a property interest for an enterprise such as Fannie Mae remains good law. *See Guberland*, 2018 WL 3025919, at *2. SFR's motion to stay the entire case is accordingly denied.

It is therefore ordered that ECF Nos. 85, 86, 88, 90, 101 are denied in accordance with this order.

It is further ordered that ECF No. 87—Plaintiffs' motion to stay discovery pending the Court's ruling on Plaintiffs' motion for summary judgment—is granted.

///
///
///
///
///
///

It is further ordered that per the parties' stipulation (ECF Nos. 128, 129) the parties must file the replies supporting their respective motions for summary judgment (ECF Nos. 84, 119, 121) within 5 days of when this order is entered.

DATED THIS 4th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE