UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP fka COUNTRYWIDE HOME LOANS SERVICING, LP and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                      Plaintiffs,<br>    v.<br>SANTA BARBARA HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>                      Defendants.<br><br>AND RELATED CASES | Case No. 2:16-cv-02768-MMD-DJA<br><br>ORDER |

**I.  SUMMARY**

This dispute arises from a non-judicial foreclosure sale of real property located at 1124 Milpas Lane, Las Vegas, Nevada, 89134, APN 138-30-614-037 ("Property") to satisfy a homeowners' association lien ("HOA Sale"). The dispositive issue is whether Plaintiffs Bank of America, N.A ("BANA") and the Federal National Mortgage Association ("Fannie Mae") (collectively, "Plaintiffs") own a property interest that is entitled to protection under 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar"). The Court finds in the affirmative and concludes that Fannie Mae's first deed of trust was not extinguished by the HOA Sale and thus continues to encumber the Property.[1]

///

///

---

[1] In addition to all relevant motions (ECF Nos. 84, 119, 121), the Court has considered the respective responses (ECF No. 92, 125, 126, 136), replies (ECF Nos. 127, 141, 142) and joinder (ECF No. 120).

## II.    RELEVANT BACKGROUND

The following facts are undisputed unless otherwise indicated.[2]

Katy L. Lee ("Borrower") executed a note ("Note") and first deed of trust ("DOT") that was recorded on February 24, 2006. (ECF No. 84-1.) The DOT granted Countrywide Bank, N.A. ("Lender") a security interest in the Property to secure repayment of a $231,000.00 loan that Borrower obtained from Lender to finance the Property ("Loan"). (*Id.* at 2.) Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the beneficiary, as nominee for Lender and Lender's successors and assigns. (*Id.*)

Fannie Mae's business records show Fannie Mae purchased the Loan in March 2006. (ECF No. 84-7.) Fannie Mae thereby obtained a property interest in the DOT. On October 8, 2010, MERS recorded an assignment of the DOT—together with the Note—to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("BAC"). (ECF No. 84-2.) BAC merged into BANA in 2011.

Fannie Mae owned the Loan at the time of the HOA Sale and BANA was Fannie Mae's contractually authorized loan servicer. (ECF No. 84-7 at 3–4, 7.)

The HOA Sale occurred on January 15, 2013, whereby Defendant SFR Investments Pool I, LLC's ("SFR") purchased the Property for $18,500.00. (ECF No. 84-6.)

Plaintiffs brought this lawsuit on December 2, 2016. (ECF No. 1.) They allege the following claims: (1) declaratory relief under the Federal Foreclosure Bar against SFR; (2)

///

---

[2]Per Plaintiffs' request, the Court takes judicial notice of facts derived from the publicly available records of the Clark County Recorder's Office, the Federal Housing Finance Agency's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises (ECF No. 84-8); and the fact that Fannie Mae was placed under the FHFA's conservatorship in 2008 per the FHFA's website (*see* ECF No. 84 at 8 (providing the link to the website). *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

quiet title under the Federal Foreclosure Bar against SFR; (3) declaratory relief under the Fifth and Fourteenth Amendments of the U.S. Constitution against SFR; (4) quiet title under the same amendments against SFR; (5) declaratory judgment against all Defendants; (6) breach of NRS § 116.1113 against Defendants Santa Barbara Homeowners Association ("HOA") and Absolute Collection Services, LLC ("ACS")[3]; (7) wrongful foreclosure against these latter Defendants; and (8) injunctive relief against SFR. (*Id.*) All other relief are requested in the alternative to Plaintiffs' request for quiet title and declaratory relief under the Federal Foreclosure Bar. (*Id.* at 18.) SFR filed counterclaims for quiet title and injunctive relief against Plaintiffs and Borrower and Katy L. Lee, Trustee or her successors in trust, under the Klee Living Trust, dated August 10, 2006. (ECF No. 8 at 12.)

### III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*,

///

---

[3]While the HOA moves for summary judgment (ECF No. 119) and responded to Plaintiffs' motion for summary judgment (ECF No. 92), the HOA expressly takes no position on the Federal Foreclosure Bar issue. Moreover, the HOA would not have standing in that regard because the quiet title claim is not asserted against the HOA.

3

477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV.     DISCUSSION**

The Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under the Federal Housing Finance Agency's ("FHFA") conservatorship, did not consent to such extinguishment, and possessed an enforceable property interest at the time of the HOA Sale. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). Plaintiffs argue that the Federal Foreclosure Bar operated to preserve the DOT from being extinguished by the HOA Sale because such requirements have been established. (ECF No. 84.) In opposing the application of the Federal Foreclosure Bar, SFR in sum argues that (1) Plaintiffs' claims are untimely; (2) Plaintiffs failed to prove that FHFA/ Fannie Mae had an enforceable property interest; (3) Fannie Mae was required to record the DOT in its name under Nevada law; and (4) Plaintiffs have failed to show that FHFA did not consent to the extinguishment of the DOT. (ECF No.

1    136.) These arguments are largely intertwined and/or overlapping with each other and
2    interwoven with other ancillary issues. In any event, the Court finds them unavailing.

3    First, while both parties appear to agree that the Housing and Economic Recovery
4    Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654 (codified as 12 U.S.C. § 4511 *et seq.*)
5    ("HERA") provides the applicable statute of limitations in this case, this Court has found
6    that a 5-year statute of limitations applies to a quiet title claim[4] under Nevada law (ECF
7    No. 121 at 6–8; ECF No. 142 at 3; ECF No. 141 at 9–11). *See, e.g.*, *U.S. Bank v. Jensen*,
8    No. 3:17-cv-00603-MMD-VPC, 2018 WL 3078753, at *4 (D. Nev. June 20, 2018) (citing
9    *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x. 598, 600 (9th Cir. 2015)).
10   Although Plaintiffs seek quiet title based on the Federal Foreclosure Bar, the actual claim
11   is one to quiet title. Accordingly, the Court finds that the 5-year statute of limitations applies
12   here and thus Plaintiffs' relevant quiet title claim is timely.[5]

13   Second, SFR makes several contentions building on its argument that Plaintiffs
14   failed to prove an enforceable property interest by Fannie Mae or the FHFA. The Court
15   addresses each in turn.

16   SFR argues that the FHFA/Fannie Mae's property interest has not been established
17   because Fannie Mae is not named on the DOT, and the declaration of Fannie Mae's
18   Assistant Vice President and declarant Graham Babin's is demonstrably false because it
19   is contradicted. (ECF No. 136 at 11–12.) The former is unavailing because Fannie Mae's
20   Loan Servicer—BANA—appears as the beneficiary of the DOT. *See, e.g.*, *Fed. Home*
21   *Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018) ("*FHFA*")
22   ///

---

[4]The Court deems Plaintiffs' first and second claims, for declaratory relief and quiet title respectively, to be a single claim for quiet title because they are functionally the same claim and declaratory relief is not a standalone claim. *See, e.g.*, *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 F. App'x. 680, 684 (9th Cir. 2014).

[5]Albeit agreeing that HERA provides the statute of limitations here, Plaintiffs and SFR disagree as to whether the separate statute of limitations for matters sounding in "contract" or "tort" should apply. (*E.g.*, ECF No. 136 at 6; ECF No. 142 at 3.) If the Court were to accept that HERA provides the applicable statute of limitations here—which it does not, the Court would be inclined to apply the 6-year statute of limitations for a claim sounding in contract.

(explaining that under Nevada law the recorded instrument need not identify the note owner where the recorded deed of trust names the owner's agent). SFR relatedly challenges that an agency relationship exists between BANA and Fannie Mae (*id.* at 23–29), but the Court has concluded that such relationship is established under *Berezovsky* by Fannie Mae's servicing guide ("Guide") (ECF No. 84-9; ECF No. 139 at 4). *See, e.g.*, *Berezovsky*, 869 F.3d at 932 & n.9 (taking judicial notice of Freddie Mac's servicing guide). The Court accordingly finds futile SFR's argument that the statute of frauds precludes summary judgment based on the Guide, contending that the underlying contract is needed because the servicer's obligations cannot be performed within a year. (ECF No. 136 at 28–29.) As Plaintiffs point out, SFR as a non-contracting party lacks standing to raise a statute of frauds defense (ECF No. 142 at 14). *See, e.g.*, *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963) (explaining that "[t]he defense of the statute of frauds is personal, and available only to contracting parties or their successors in interest").

SFR's argument regarding contradictions in Babin's affidavit requires a bit of hair-splitting. SFR contends that Babin's declaration is devoid of reliability because Babin's affidavit provides that BANA alone serviced the Note since 2009 when Fannie Mae instituted its electronic business records system—SIR—but the DOT was assigned to BAC on October 8, 2010 (ECF No. 84-2) and BAC did not merge with BANA until July 2011. (*See* ECF No. 136 at 11–12.) Babin's statement specifically provides that "SIR does not reflect that any other entity has serviced the Loan on behalf of Fannie Mae since Fannie Mae began using SIR in 2009. SIR reflects that BANA was the servicer of the Loan for Fannie Mae in January 2013." (ECF No. 84-7 at 4.) Plaintiffs counter in gist that SFR's contention is immaterial because it is not significant that Babin refers to BANA by its current or former corporate name. (ECF No. 142 at 10–12 & n.3.) The Court concludes that the issue of whether another entity serviced the Loan before BANA is largely immaterial. For the purposes of the Federal Foreclosure Bar it is only materially relevant that SIR supports that BANA is and was the servicer of Fannie Mae's Loan at the time of

the HOA Sale and that Fannie Mae acquired the Loan in March 2006 (*e.g.*, ECF No. 84-7 at 6). Further, BANA undisputedly appears as the beneficiary under the DOT via merger with BAC (ECF Nos. 84-2).

The Court has thus concluded that cumulatively, the Guide, Babin's declaration, and Fannie Mae's business records establish Fannie Mae's property interest for purposes of the Federal Foreclosure Bar (ECF Nos. 130, 139). *See Berezovsky*, 869 F.3d at 932–33 & n.8 & n.9; *Williston Invs. Grp. v. JPMorgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018) (confirming that *Berezovsky* held that an enterprise's business records and a supporting declaration are "sufficient" to show an enterprise's property interest for purposes of summary judgment). While SFR has sought additional discovery to find contrary evidence (*e.g.*, ECF No. 86), the Court has found that "SFR [has] not indicated that further discovery would establish facts that would plausibly alter the Court's ultimate ruling." (*E.g.*, ECF No. 139 at 2; *see also* ECF No. 130 at 4 (concluding that "the Court is convinced no further discovery is warranted here").) The Court therefore rejects SFR's contention that Plaintiffs need to provide more evidence of ownership of the relevant Loan (which includes the Note and DOT) based on SFR's contention that Plaintiffs' evidence is inadmissible or violates either the best evidence rule or the rule of completeness. (ECF No. 136 at 12–17, 27–29.) The Court also finds unpersuasive SFR's other largely unsubstantiated or irrelevant claims regarding the reliability of SIR and Babin's affidavit—including that the records are dated August 24, 2018 (the printed date, *see, e.g.*, ECF No. 84-7 at 6), that Babin did not review the documents supporting his declaration because they were printed by another person (*see id.*), and that certain spaces in the business records are blank. (ECF No. 136 at 15.)

SFR's third discrete argument that Fannie Mae was required to record its interest under Nevada law for the Federal Foreclosure Bar to be asserted against SFR—as a third party—is also unavailing. (ECF No. 136 at 17–23). *See FHFA*, 893 F.3d at 1150 ("[U]nder Nevada law, the note owner's name need not appear in the local recording documents, and, as the district court found, the Enterprises possessed valid interests in the Properties

at the time of the HOA foreclosure sales. Again, HERA does not require that potential buyers received notice of FHFA's or the Enterprises' interests in properties whose sales are prevented by the Federal Foreclosure Bar.").

Finally, SFR contends that Plaintiffs' evidence of the FHFA's lack of consent is "unauthenticated, irrelevant, and inadmissible hearsay" and otherwise contends that the FHFA consented to extinguishment based either on Fannie Mae's failure to raise the Federal Foreclosure Bar or acceptance of proceeds from a foreclosure sale in other cases. (ECF No. 136 at 29–30.) In turn, Plaintiffs point out that SFR neither suggests nor show that it received affirmative consent from the FHFA. (ECF No. 142 at 17.) The Court agrees with Plaintiffs. The Court finds SFR cannot establish that the FHFA consented to extinguishment in this case merely by referencing Fannie Mae's actions in other cases. The Court has otherwise taken judicial notice of the FHFA's statement available on its website regarding its policy not to consent to the extinguishment of the Enterprises' property—including property of Fannie Mae (*see supra* note 2). *See, e.g.*, *Nationstar Mortg. LLC v. East Trop 2073 Trust*, No. 2:17-cv-1769-MMD-CWH, 2019 WL 469897, at \* n.3 (D. Nev. Feb. 6, 2019) (doing the same).

In sum, the Court finds that the Federal Foreclosure Bar protected Fannie Mae's DOT from extinguishment given that Plaintiffs have established that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of the FHFA at the time of the HOA Sale, and the FHFA did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the DOT continues to encumber the Property.

Thus, the Court will grant Plaintiffs' motion for summary judgment on its claim for quiet title based on the Federal Foreclosure Bar (ECF No. 84). Plaintiffs' other claims will be dismissed as moot. SFR's motion for summary judgment (ECF No. 121) is therefore denied. The HOA's motion for summary judgment (ECF No. 119) is denied as moot.

///

///

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiffs' motion for summary judgment (ECF No. 84) seeking judgment in their favor on their claim for quiet title and declaratory relief is granted. The Court declares that the HOA Sale did not extinguish Fannie Mae's interest in the Property, and SFR's interest in the Property is subject to the DOT. Plaintiffs' other claims are dismissed as moot.

It is further ordered that SFR's motion for summary judgment (ECF No. 121) is therefore denied.

It is further ordered that the HOA's motion for summary judgment (ECF No. 119), which ACS joined (ECF No. 120), is denied as moot.

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 29th day of August 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE